**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KRISTY EDWARDS,**

    **Plaintiff,**

vs.                                                               CASE NO.   4:18cv415-WS/CAS

**ANDREW SAUL,
Commissioner of Social
Security,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

As the prevailing party in this case, ECF Nos. 17-19, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]  ECF No. 20.   Plaintiff's attorney requests compensation for 44.60 hours for work performed for a total of $9,088.91 and costs of $400.00.[2]  *Id*.   The motion is accompanied by several

---

[1] In <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.

[2] The hourly rate for work performed in 2018, 7.60 hours, is $202.32 (although one hour is claimed at $202.66), and 37 hours in 2019 at $204.08, for a total of 44.60 hours.   ECF No. 20-3 at 3.

Case No. 4:18cv415-WS/CAS

documents including a brief, EF No. 20-1, fee contract, ECF No. 20-2, time records, ECF No. 20-3, consumer price index, ECF No. 20-4, and several affidavits, ECF Nos. 20-5-7.

On September 20, 2019, the Commissioner filed a response opposing the motion in part. ECF No. 21. The Commissioner does not challenge Plaintiff's assertion that she was the prevailing party, the timeliness of her Complaint, her position regarding substantial justification, or the hourly rates requested. *Id.* at 4. The Commissioner objects based on the number of hours Plaintiff's attorney claims as reasonable. *Id.* at 4-5. Specifically, the Commissioner "objects to Plaintiff's request for 6.0 hours on July 20, 2018, for Plaintiff's review of file to determine merit for appeal and drafting and sending memo to Chuck (Doc. 20-3)." *Id*. at 5; *see* ECF No. 20-3 at 1 (time sheet and EAJA calculations). The Commissioner further notes

> [t]he administrative record comprises only 769 pages with about 450 pages of medical records (Doc. 11). As outlined in his fee petition, Plaintiff's attorney requests compensation for 36.0 hours for preparation of the initial brief (Doc. 20-3). However, the two issues in this case, as raised in Plaintiff's initial brief, were routine: whether the ALJ properly evaluated medical opinion evidence and Plaintiff's obesity (Doc. 15). Although Plaintiff's initial brief was approximately thirty pages long, only eighteen pages were spent on the two substantive issues (Doc. 15 at 11-29).

Case No. 4:18cv415-WS/CAS

*Id.* at 5.  In other words, the Commissioner requests this Court to reduce the hours claimed by Plaintiff when determining whether the case should be appealed from six to three hours or by *$606.96* (3 x $202.32) and to reduce the amount claimed for writing the brief by ten hours from 36 hours to no more than 26 hours, i.e., time spent from March 6, 2019, to March 14, 2019, at $204.08 per hour or by *$2,040.80,* for a total reduction of $2,647.76.  ECF No. 20-3 at 1, 3.  Although a specific amount is not stated, according to the Commissioner's hourly proposed reduction, the final attorney's fees amount should be approximately $6,441.87 ($9,088.91 - $2,647.04) based on a reduction of 13 hours.  *See* ECF No. 20-3 at 3 and *supra* at n.2.  The total attorney time would be reduced from 44.60 to 31.60.

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically requires 25 to 30 hours to complete.  *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), *adopted*, 2010 U.S. Dist. LEXIS 51612 (N.D. Fla. June 10, 2010);[3] *see also* Seamon v. Astrue,

---

[3]  The Court in Jackson noted that some cases may exceed those parameters. 2010 U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010).

Case No. 4:18cv415-WS/CAS

No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).

The hourly rates are reasonable when adjusted for inflation. The total time for which compensation is sought is 44.60 hours and at the upper end. ECF No. 20. Rather than reducing the hours by thirteen as sought by the Commissioner, given the nature of the issues raised by current counsel,[4] the smaller size of the record when compared to other social security disability records, and the usual attorney time needed to complete the process at the district court level, the attorney time should be reduced by five hours rather than 13 hours, i.e., reduced two hours for the time spent reviewing the record for appeal and three hours for the initial brief or by $1,016.88 (2 x $202.32; 3 x $204.08), for a total of 39.60 hours after reducing the hours from 44.60. See supra at n.2 re hourly rates.

In accordance with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to

---

[4] Plaintiff was represented by a different attorney before the Social Security Administration. See, e.g., ECF No. 11-7 at 6, 15-16, 51, 308.

Case No. 4:18cv415-WS/CAS

Plaintiff's attorney is authorized so long as Plaintiff has no debt to the United States; and any such debt will be offset before payment.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for attorney's fees, ECF No. 20, be **GRANTED in part** and Plaintiff awarded attorney's fees in the amount of $8,072.03 ($9,088.91 - $1,016.88) as a reasonable EAJA attorney's fee and costs of $400.00. The Commissioner should be afforded, however, the opportunity to offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2019.

> s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or**

**issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv415-WS/CAS